IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| BENNY RUSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:10-CV-097 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of defendant Commissioner's final decision denying plaintiff's claim for disability insurance and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act. For the reasons provided herein, defendant's motion for summary judgment [doc. 12] will be denied, and plaintiff's motion for summary judgment [doc. 10] will be granted to the extent it seeks remand under sentence four of § 405(g).[1]

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

I.

*Procedural History*

Plaintiff was born in 1972 and applied for benefits in September 2007. He claims to be disabled by back pain but also reports problems with depression and residual effects of a birth defect in the right hand. [Tr. 26-27, 112]. Plaintiff alleges a disability onset date of June 1, 2006. [Tr. 98, 103]. His applications were denied initially and on reconsideration. Plaintiff then requested a hearing, which took place before an Administrative Law Judge ("ALJ") on January 13, 2009.

In March 2009, the ALJ issued a decision denying benefits. He concluded that plaintiff suffers from the severe impairments of "degenerative disc disease, obesity, defects of the right hand, and an adjustment disorder with mixed emotional features," but that these conditions did not meet or equal any impairment listed by the Commissioner. [Tr. 11-12]. The ALJ ruled that plaintiff retains the residual functional capacity ("RFC") to perform a range of light work, limited to only simple jobs with frequent postural changes, no fine dexterity with the right hand, and no frequent interaction with the general public. [Tr. 12]. Relying on vocational expert testimony, the ALJ determined that plaintiff remains able to perform a significant number of jobs existing in the regional and national economies. [Tr. 17]. Plaintiff was accordingly deemed ineligible for benefits.

Plaintiff then sought, and was denied, review by the Commissioner's Appeals Council. [Tr. 1]. The ALJ's ruling therefore became the Commissioner's final decision.

*See* 20 C.F.R. §§ 404.981, 416.1481. Through his timely complaint, plaintiff has properly brought his case before this court for review. *See* 42 U.S.C. § 405(g).

II.

*Medical Record*

The administrative record contains objective evidence of some back problems. [Tr. 165, 180, 236]. Nonexamining state agency physicians Glenn James and Lloyd Walwyn completed Physical RFC Assessment forms in December 2007 and March 2008, respectively. In light of disc disease and complaints of back pain, each source opined that plaintiff can meet the lifting requirements of no more than medium work and that he can only occasionally climb, balance, stoop, kneel, crouch, or crawl. [Tr. 168-69, 183-84].

On three occasions between May 8 and July 15, 2008, plaintiff visited with physician's assistant Brian Buxton at Appalachian Orthopaedic Associates ("AOA"). At the first of these visits, Mr. Buxton recommended conservative treatment (primarily a home exercise program) to address his diagnosis of back strain and lumbago with sciatica. [Tr. 194]. Mr. Buxton imposed the following work-related restrictions: "no lifting, pushing, pulling greater than 5 pounds, sit/stand as tolerated. No bending, stooping, no squatting." [Tr. 194]. Mr. Buxton further noted, "**The patient is on parole. We will watch his narcotics very closely.**" [Tr. 194] (emphasis in original). Orthopaedist Neal Jewell reviewed and initialed Mr. Buxton's notes. [Tr. 194].

3

Plaintiff returned to AOA for a follow-up appointment on June 5, 2008. Plaintiff reported little improvement, and Mr. Buxton observed that he remained "overweight [and] deconditioned." [Tr. 195].[2] Mr. Buxton continued the same work restrictions, and his notes were again reviewed and initialed by Dr. Jewell. [Tr. 195-96].

The record reflects one further appointment with Mr. Buxton. On July 15, 2008, plaintiff was again observed to be overweight and deconditioned. [Tr. 196]. He reported that his narcotic medications were effective. In fact, plaintiff had recently missed an appointment and instead had phoned AOA seeking more narcotics, but that request was denied. [Tr. 196]. Mr. Buxton's notes, which again were initialed by Dr. Jewell, reveal in material part,

> Extensive discussions were held with the patient concerning his need to participate in his care. He's advised we will not do main management [i.e., narcotics rather than rehabilitation] in this office. He'll either participate in attempts at resolution or be discharged.

[Tr. 197]. The administrative record does not show any further treatment by Mr. Buxton.

Plaintiff attended a handful of counseling sessions with Dr. Bill McFeature in 2008 and 2009.[3] At some appointments, plaintiff was noted to be doing well emotionally.

---

[2] At his previous appointment, plaintiff stood 6'1" tall and weighed 312 pounds. [Tr. 193]. Treating nurse practitioner Joan Mullin has repeatedly told plaintiff to stop smoking and lose weight. [Tr. 221, 227, 243].

[3] Oddly, Dr. McFeature's treatment notes repeatedly identify him as a psychologist. [Tr. 203-06, 209-14, 218-19, 245]. However, it appears that Dr. McFeature is in fact a licensed professional counselor - <u>not</u> a psychologist. *See* http://health.state.tn.us/licensure/Practitioner.aspx?ProfessionCode=3166&LicenseNumber=471

(continued...)

[Tr. 203, 245]. At others, he reported anxiety, low mood, and/or episodic grief. [Tr. 205, 209, 211, 213, 218]. Dr. McFeature's initial diagnosis was adjustment disorder with mixed emotional features. [Tr. 218]. His most recent diagnosis was depression. [Tr. 245].

III.

*Analysis*

This court's review is confined to whether the ALJ applied the correct legal standards and whether his factual findings were supported by substantial evidence. 42 U.S.C. § 405(g)*; Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The "substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488 (1951)). In reviewing administrative decisions, the court must take care not to "abdicate [its] conventional judicial function," despite the narrow scope of review. *Universal Camera*, 340 U.S. at 490.

A claimant is entitled to disability insurance payments if he (1) is insured for disability insurance benefits, (2) has not attained retirement age, (3) has filed an application for disability insurance benefits, and (4) is under a disability. 42 U.S.C. § 423(a)(1).

---

[3](...continued)
&FileNumber=471 (last visited July 25, 2011).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423 (d)(2)(A).[4]  Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

---

[4] A claimant is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. 42 U.S.C. § 1382. "Disability," for SSI purposes, is defined the same as under § 423. 42 U.S.C. § 1382c(a)(3).

> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiffs bear the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *See id.*

## A. Remand

Plaintiff argues that the ALJ disregarded the opinions of the AOA sources and Drs. James and Walwyn without explaining why, and that he reached conclusions pertaining to mental RFC that were unsupported by any opinion evidence. Plaintiff is correct on each point, and this matter will therefore be remanded to the Commissioner for further evaluation.

As noted, the ALJ concluded that plaintiff retains the following RFC: "to perform simple, light work which allows for: frequent postural changes; no fine dexterity with the right hand; and no frequent interaction with the general public." [Tr. 12]. In requiring frequent postural changes, the ALJ referred only to a sit/stand option. [Tr. 34].

The ALJ therefore did not adopt, or explain his rejection of, the opinions of Drs. James and Walwyn that plaintiff can only occasionally climb, balance, stoop, kneel, crouch, or crawl. In addressing the forms completed by those two nonexamining physicians, the ALJ wrote only that, "The undersigned has also considered the opinions of the State agency physicians and notes that their opinions also support a finding that the claimant is 'not disabled.'" [Tr. 16]. While true, the ALJ's statement misses the mark entirely. Drs. James

7

and Walwyn apparently feel that plaintiff can do *some* jobs, but in their opinion he is restricted in terms of climbing, balancing, etc. These nonexamining source opinions thus do not provide support for the ALJ's ultimate RFC conclusion (climbing, balancing, etc., without limitation), and the ALJ did not explain (as required) his rejection of them. *See* 20 C.F.R. § 404.1527(f)(2)(II).[5]

       The ALJ's dismissal of the AOA limitations are even more troubling. Physician's assistant Buxton opined that plaintiff could engage in "no lifting, pushing, pulling greater than 5 pounds, sit/stand as tolerated. No bending, stooping, no squatting," and those opinions were at least signed off on by an orthopaedist. The ALJ characterized the records as being generated only by a physician's assistant. [Tr. 16]. The relevance of this point is that an orthopaedist is an "acceptable medical source" under the Commissioner's regulations who can provide evidence to establish *the existence of* a medically determinable impairment, *see* 20 C.F.R. § 404.1513(a), but a physician's assistant is not. *See* 20 C.F.R. § 404.1513(d)(1).

       However, no matter the level of orthopaedist Jewell's involvement in the imposition of these restrictions, evidence from "other sources" such as Mr. Buxton may be considered by the Commissioner "to show the severity of [a claimant's] impairment(s) and how it affects [his] ability to work." 20 C.F.R. § 404.1513(d)(1). The regulation's equivocal

---

[5] It *may* be the case that some of the light jobs identified by the vocational expert require no more than occasional climbing, balancing, stooping, kneeling, crouching, or crawling. However, there is no such affirmative evidence before the court.

8

use of the word "may" is clarified by the Commissioner's Social Security Ruling 06-03p which explains, "Opinions from these medical sources who are not technically deemed 'acceptable medical sources,' under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other evidence in the file." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007) (quoting SSR 06-03p, 2006WL 2329939, at *3 (Aug. 9, 2006)). "[T]he adjudicator generally should explain the weight given to opinions for these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Cruse*, 502 F.3d at 541 (quoting SSR 06-03p, 2006WL 2329939, at *6).

The ALJ did not give such an explanation in this case. Instead, he claimed that the AOA "opinion is not inconsistent with" his own RFC findings. [Tr. 16]. That claim is both incorrect and unsupportable. A limitation to lifting no more than five pounds with no bending, squatting, or stooping cannot be reconciled with the RFC found by the ALJ for a range of light work. To be certain, there are many criticisms that could be offered of the AOA opinion: the treating relationship was very brief, and the limitations might have been similarly short-term; there appear to have been concerns regarding drug-seeking behavior; and it appears plaintiff was not following the treating source's recommendations and thus was not participating meaningfully in his own health care. However, the ALJ did not offer for rejecting the AOA restrictions. Instead, he claimed - incorrectly - that the AOA opinion

9

was consistent with his own.

Lastly, in addressing Dr. McFeature's records, the ALJ wrote, "His treatment record indicated that the claimant generally reported that he was coping and doing fairly good to well emotionally." [Tr. 16]. Aside from being an overstatement of the actual record, the ALJ's observation gives no insight into why he assigned two psychological limitations [simple tasks, no frequent interaction with general public] but did not assign others. As but one example, why is plaintiff unable to frequently interact with the public but not similarly limited in his interactions with coworkers and supervisors? The answer is nowhere to be found in the decision below.

The ALJ concluded his discussion of Dr. McFeature with a lengthy boilerplate sentence pertaining to claimant credibility [Tr. 16] which gives no specific insight whatsoever into the ALJ's reasoning. Similarly, the ALJ's boilerplate discussion of the Commissioner's mental health listings [Tr. 12] is equally unhelpful.

The closest that the ALJ comes to any sort of explanation for his RFC findings is a paragraph in which he notes conservative treatment, occasional noncompliance, benefits of medication, some daily activities, and an ability to visit with friends. [Tr. 16]. While potentially relevant, the mention of these issues in no way explains the decision to disregard the AOA, James, and Walwyn opinions, nor does it clarify the mental limitations imposed.

"[T]here is a requirement to consider all relevant evidence in an individual's case record . . . ." SSR 06-03p, 2006WL 2329939, at *6. "[T]he ultimate responsibility for ensuring that every claimant receives a full and fair hearing lies with the administrative law judge." *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983). Social Security claimants are entitled to "a careful evaluation of the medical findings . . . and

10

an informed judgment . . .." *See* SSR 96-3p, 1996 WL 374181, at *2 (July 2, 1996).

The decision below does not reflect the necessary "careful evaluation." Instead, it essentially disregarded all of the opinion evidence in this case, depriving the instant plaintiff (and this reviewing court) of the necessary "informed judgment" through which the denial of benefits could be understood. This matter will therefore be remanded for further evaluation consistent with the statutory and regulatory requirements cited herein.

### B. Reversal

To the extent that plaintiff asks this court to award benefits rather than remanding his case, that request will be denied. A reviewing court can reverse and immediately award benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id*.

Under the *Faucher* standard, benefits cannot be awarded at this time. As noted above, it would appear that Drs. James and Walwyn feel that plaintiff can still work, and there are a number of concerns with the AOA records. As for Dr. McFeature (presuming that he is in fact an "acceptable medical source"), there is arguably nothing in his records to support any significant psychological limitation. Lastly, marijuana use is admitted [Tr. 178, 231], and drug-seeking behavior was at least a concern for physician's assistant Buxton.

The court is therefore not satisfied that "all essential factual issues have been resolved [or that] the record adequately establishes [] plaintiff's entitlement to benefits." *Faucher,* 17 F.3d at 176. Accordingly, benefits cannot be awarded by this reviewing court at this time. *See id*.

IV.

*Conclusion*

The final decision of the Commissioner will be reversed and remanded. An order consistent with this opinion will be entered.

ENTER:

                              s/ Leon Jordan
                      United States District Judge